## LEGRAND BYINGTON v. THE STATE JOURNAL COMPANY.

PRACTICE *in Civil Cases — Dismissal of Suit — Reinstatement.* Where the defendant appeals from the judgment of a justice of the peace to the district court, and does not afterward prosecute his appeal, and the case remains on the docket of the district court for more than eight months, when the case is regularly called for trial and the appeal dismissed; and afterward the defendant moves to set aside the order of dismissal and to reinstate the case for trial, and shows that at the time of the dismissal he was necessarily absent from Kansas and in Iowa on account of sickness in his family; but it appears that he left Kansas seventeen days before the case was called for trial, without employing or asking anyone to take charge of his case or to give him any information concerning the same, simply depending upon a newspaper to give him the desired information, and the district court overruled the defendant's motion, *held,* that the supreme court cannot say that the district court committed any error.

*Error from Shawnee District Court.*

THE opinion states the case.

*Legrand Byington,* plaintiff in error, for himself.
*Wood & Mackey,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: On August 26, 1885, a judgment was rendered by a justice of the peace of Shawnee county in favor of the State Journal Company of Topeka, Kansas, against Legrand Byington for the sum of $102, and costs. On August 29, 1885, the defendant appealed to the district court. On April 25, 1886, he left Topeka and went to Iowa City, Iowa. On May 12, 1886, his appeal was dismissed by the district court. On May 16, 1886, he returned to Topeka. On May 20, 1886, he filed a motion in the district court to set aside the order of dismissal and to reinstate the case for trial, and with such motion he filed the following affidavit, to wit:

"I, Legrand Byington, defendant in the above-entitled action, on oath say that I have a meritorious defense to the whole action; that I have hitherto managed the case without the aid of counsel; that before the case was assigned for trial by the court to wit, April 25, 1886, I was suddenly summoned from Topeka to Iowa City, in the state of Iowa, by an alarming and dangerous case of sickness in my family, which required my presence at Iowa City; that I was detained at Iowa City until the 13th of May, by said sickness and by unavoidable family complications; that before leaving Topeka on said enforced journey I ordered sent to my address at Iowa City, the *Daily Commonwealth* newspaper, which regularly publishes the assignments of causes for trial in this court, with the express view of reaching a knowledge of such assignment; that from some unexplained cause I received but two copies of said paper, in neither of which was found any assignment of causes for trial, and that I had no knowledge or any means of knowing that said cause had been assigned for trial on the 12th of May, and did not actually learn of such assignment until after said dismissal and after my return to Topeka on the 16th day of May, 1886; that said dismissal works a great injury to the appellant, and a reinstatement of the cause is necessary to secure justice; that the testimony of this affiant is material on any trial of said cause, as to matters within his exclusive knowledge, and said cause could not have been safely tried in his absence on the 12th day of May even had counsel then appeared in behalf of defendant; and that the necessary departure of this defendant for Iowa was so

sudden and unexpected that no opportunity to take his deposition as a witness occurred."

On September 17, 1886, this motion came on for hearing, and the court overruled the same; and on May 9, 1887, the defendant as plaintiff in error, brought the case to this court for review.

We cannot say that the court below committed error. The defendant took his appeal on August 29, 1885, and evidently in his appeal bond he agreed to "prosecute the appeal to effect and without unnecessary delay." (Justices Act, § 121.) But he did not prosecute his appeal at all. The case remained on the docket of the district court until May 12, 1886, when the appeal was dismissed. It will be presumed that the case was regularly assigned for hearing on that day, and that it was regularly and properly called for hearing, and no one responding for the defendant, who was also the appellant, his appeal was regularly and properly dismissed. The court could not well have done otherwise. In this no error was committed. But the question whether the court below abused its discretion or not in refusing to reinstate the appeal upon the facts of the case, is still to be considered. We cannot say that it did. The defendant left the state seventeen days before the appeal was dismissed, and never at any time made any provision for prosecuting his appeal to effect. He left no person to take care of his case, or to give him any information concerning the same. He should have employed an attorney at law or some other person to take care of his case, or at least to give him information concerning the same; but he did not do so. Why did he not write to the clerk of the district court for information? Or why did he not write to some one at Topeka to ascertain the condition of his case, and when it would likely be called for trial? Presumably the docket would have shown that it would soon be called for trial. But he made no inquiry, and made no preparation for trial. He was certainly guilty of great negligence. Instead of employing an attorney at law or some other person to take care of his case in his absence, or asking the clerk of the district court to inform

him from time to time concerning the condition of his case and when it would likely be called for trial, he depended wholly upon himself in Iowa, and a newspaper published at Topeka, and he failed. Such negligence should not be encouraged. We do not think that the court below abused its discretion in refusing to set aside the dismissal of the appeal; nor can the defendant's motion made in this court to reverse the judgment of the court below be sustained.

The judgment of the court below will be affirmed.

All the Justices concurring.